UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONNIE BUNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-300-HBG |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| performing the duties and functions not | ) | |
| reserved to the Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 12]. Now before the Court is Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 13 and 14] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Ronnie Bunch ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

I.  **PROCEDURAL HISTORY**

On August 28, 2014, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, claiming a period of disability that began on that same date. [Tr.125-28]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 85]. A hearing was held on January 26, 2017. [Tr. 27-47]. On March 3, 2017, the ALJ found that Plaintiff was not disabled.

[Tr. 12-22]. The Appeals Council denied Plaintiff's request for review [Tr. 1-3], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on July 17, 2017, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity since August 28, 2014, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: peripheral neuropathy, diabetes mellitus, and hypertension (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except with no climbing ladders, ropes, or scaffolds; occasional climbing ramps and stairs; occasional exposure to vibration; and no exposure to hazards such as unprotected heights or dangerous moving machinery.
>
> 6. The claimant is capable of performing past work as a sales agent for a manufactured home company (Oakwood homes). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565).

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from August 28, 2014, through the date of this decision (20 CFR 404.1520(f)).

[Tr. 14-22].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v.*

*Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV.   DISABILITY ELIGIBILITY

"Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. § 404.1520(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. § 404.1545(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

V.  ANALYSIS

Plaintiff asserts that the ALJ's decision is not supported by substantial evidence. First, Plaintiff argues that the ALJ failed to properly weigh Plaintiff's subjective allegations regarding the severity of his peripheral neuropathy associated with his diabetes. [Doc. 14 at 8-9]. Second, Plaintiff maintains that he cannot return to his past work as a sales manager because the job conflicts with his RFC for sedentary work. [*Id.* at 7-9]. The Court will address each allegation of error in turn.

A.  **Subjective Allegations of Pain**

Plaintiff claims his diabetes and peripheral neuropathy cause far greater pain than found by the ALJ. [Doc. 14 at 9]. According to Plaintiff, "there is ample proof" his diabetes causes debilitating pain and there is simply "no evidence to contradict" his subjective complaints in this regard. [*Id.*].

"The factual determination as to whether [a claimant] is able to work despite his pain is within the discretion of the ALJ." *Murphy v. Sec'y of Health & Human Servs.*, No. 83-5816, 1985

WL 13273, at *4 (6th Cir. 1985). When making a credibility finding, the ALJ "must consider the entire case record and give specific reasons for the weight given to the individual's statements." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996). The ALJ's findings regarding credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. However, the ALJ's finding must be supported by substantial evidence. *Id.* Finally, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

In the instant case, the Court finds no merit in Plaintiff's contention that his diabetes and peripheral neuropathy caused greater pain than found by the ALJ. The ALJ considered in some detail the medical records documenting Plaintiff's diagnoses, symptoms, and treatment for his type 2 diabetes mellitus and peripheral neuropathy, beginning in July 2014 when Plaintiff was first diagnosed with the conditions. [Tr. 20, 233]. The ALJ noted that Plaintiff began receiving primary care treatment from Jan Zieren, D.O., at Lincoln Memorial University Medical Clinic that same month. [Tr. 20, 486-88, 583-615, 643-48]. Plaintiff often reported complaints of pain, burning, tenderness, and sensory disturbances in his feet, as well as trouble walking. [*See id.*]. Moreover, the ALJ considered treatment notes from Advanced Foot Care where Plaintiff received treatment between November 2014 and June 2015 from podiatrist David Velarde, M.D., for peripheral neuropathy, fascial restriction in both feet, tarsal tunnel syndrome, and peripheral vascular disease. [Tr. 20, 537-43, 568-75]. Despite receiving a night splint, nerve block injections, custom molded orthotics, and medication in the form of Gabapentin and Metformin [Tr. 20, 538, 585, 604], Plaintiff continued to complain of foot pain that was exacerbated by walking [Tr. 20, 587, 601]. Notwithstanding Plaintiff's report of pain, Dr. Zieren noted in September and October 2016 that

6

Plaintiff saw an improvment following an adjustment in his Gabapentin and was now encouraged to take brisk walks 30 minutes daily. [Tr. 583-85, 587]. Moreover, Dr. Zieren characterized Plaintiff's complaints as "moderate" in a recent January 2017 treatment notes. [Tr. 643].

While Plaintiff appears to suggest that the ALJ rebuffed Plaintiff's allegations of pain caused by neuropathy, the ALJ actually concluded that among Plaintiff's impairments, "neuropathy is his biggest problem and would reasonabl[y] preclude prolonged standing and walking." [Tr. 20]. The ALJ's finding is consistent with the medical evidence and Plaintiff's testimony that walking and weight bearing activities exacerbated his pain. Also consistent with the evidence is the ALJ's conclusion that despite Plaintiff's neuropathy, in addition to his other impairments, Plaintiff maintained a RFC for sedentary work. [*Id.*]. Indeed, sedentary work accommodates Plaintiff's need to be off his feet as the exertional demands involve mostly sitting, though some walking and standing is necessary. 20 C.F.R. § 404.1567(a). Specifically, a claimant generally must be able to sit a total of six hours and stand or walk no more than two hours in an eight-hour workday to perform a full-range of sedentary work. Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *3 (July 2, 1996). Plaintiff has not cited to any evidence, nor do the medical records suggest, that he is unable to sit a majority of time throughout the workday. In fact, Plaintiff cites to no specific evidence in support of his contention that the record contains "ample proof" of debilitating pain and "no evidence to contradict" his subjective allegations. [*See* Doc. 14 at 9].

Moreover, and as cited by the ALJ, the record does not contain any restrictions placed on Plaintiff by a treating physician or other medical source. [Tr. 21]. The ALJ also considered Plaintiff's ability to perform certain activities of daily living, such as an ability to prepare light meals, shop, clean the house, launder towels, ride a lawnmower, and do minor household repairs, as further evincing an ability to perform the demands of sedentary work. [Tr. 20]. A claimant's

7

ability to perform activities of daily living is an appropriate factor to consider in evaluating statements regarding the intensity and persistency of pain. 20 C.F.R. § 404.1529(c)(3)(i). Though Plaintiff may disagree with the ALJ's interpretation of the evidence, the Court does not find that it was an unreasonable one, nor is it grounds for remand. *See Her*, 203 F.3d at 389–90 ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.").

Therefore, the Court finds that the ALJ properly consider Plaintiff's subjective allegations of pain, and Plaintiff's contention to the contrary is not well-taken.

### B. Past Relevant Work

Plaintiff also argues that the ALJ erred at step four in concluding that Plaintiff could return to his past work as a sales manager with Oakwood Homes, a manufacturing home company. [Doc. 14 at 7].

During the administrative hearing, a vocational expert ("VE") classified Plaintiff's past job with Oakwood Homes as sedentary based on Plaintiff's description of how he performed his job. [Tr. 42]. Specifically, Plaintiff explained in a "Work History Report" that he did not perform any lifting or carrying and sat for five hours during the workday. [Tr. 42, 169]. The VE testified that Plaintiff's past job was consistent with the description found in the *Dictionary of Occupational Titles* ("DOT") for a sales manager, DOT #163.167-018, which likewise classified the job as sedentary. [*Id.*]. The ALJ then posed a hypothetical question to the VE, asking whether a person the same age, education, work experience, and RFC as Plaintiff could perform any of Plaintiff's past work. [Tr. 43-44]. The VE responded in the affirmative and identified the sales manager job with Oakwood Homes. [Tr. 44]. The VE explained that the hypothetical person would be able to perform the job since it is classified as sedentary. [*Id.*]. The ALJ then asked Plaintiff whether he

8

could currently perform the job if it were still available. [*Id.*]. Plaintiff initially responded that he "probably could, I guess" but then explained his job entailed further duties, though he never specifically refuted that he was nonetheless able to perform the job. [Tr. 44-45]. When asked how much sitting was performed on the job, Plaintiff responded that "it was hard to tell how much . . . probably four to five hours . . . ." [Tr. 45]. The VE concluded his testimony by verifying his testimony was consistent with the DOT. [Tr. 46]. At step four in the disability determination, the ALJ found that Plaintiff was capable of performing his past work as a sales manager with Oakwood Homes, both as it was actually and generally performed, based on the testimony provided by the VE. [Tr. 21].

Plaintiff contends that his RFC for sedentary work is inconsistent with an ability to perform his past work as a sales manager because he sat for only four to five hours and by definition, sedentary work generally requires an ability to sit for six hours. [Doc. 14 at 7-8]. The Court is unpersuaded. First, Plaintiff reported in his "Work History Report" that the performance of his job required five hours of sitting. Though he later testified he sat for four to five hours, the ALJ was not obligated to defer to Plaintiff's subsequent testimony since Plaintiff admitted he could not precisely recall how long he sat. Second, although a *full-range* of sedentary work "generally" requires an ability to sit for six hours, an inability to perform a full-range of sedentary work "does not equate with a finding of disability. . . . [A]n individual may still be able to perform even with a sedentary occupation base that has been eroded." Soc. Sec. Rul. 96-9p, 1996 WL 374185 at *3-4. To determine the extent of erosion on the occupational base, VE testimony is appropriate. *Id.* at *9; *see* Soc. Sec. Rul. 83-12, 1983 WL 31253, at *3 (Jan. 1, 1983) ("Another situation where [VE] assistance is advisable is where an individual's exertional RFC does not coincide with the full range of sedentary work."). Accordingly, the fact that Plaintiff only sat for five, rather than

9

six, hours in a workday is not dispositive to an ability to perform sedentary work. *See e.g., Shaw v. Comm'r of Soc. Sec.*, No. 7:11-CV-1463 GLS, 2013 WL 316616, at *5 (N.D.N.Y. Jan. 28, 2013) ("Thus, despite finding that she could not sit for six hours in a work day and needed to alternate between sitting and standing, the ALJ did not err in concluding that Shaw was not disabled after consulting with a VE.").

Social Security Ruling 00-4p is instructive on the use of VE testimony in the evaluation of disability claims. The ruling explains that in making disability determinations, the agency relies "primar[ily] on the DOT . . . for information about the requirements of work in the national economy." 2000 WL 1898704, at *2 (Dec. 4, 2004). However, because "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings," VE testimony is appropriate to resolve more complex vocational issues and "may be able to provide more specific information about jobs or occupations than the DOT." *Id.* at *2-3.

In the present matter, the VE unequivocally testified that Plaintiff's past work as a sale manager for Oakwood Homes was classified as sedentary based on Plaintiff's job description which included sitting for only five hours in a workday. Moreover, the VE testified Plaintiff's past job was consistent with the DOT's description of sales manager which also classifies the position as sedentary. Counsel for Plaintiff did not challenge the VE's testimony in this regard during the hearing. Because the hypothetical question presented to the VE accurately represented Plaintiff's RFC, substantial evidence supports the ALJ's step four finding that Plaintiff has past relevant work as a sales manager. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that

accurately sets forth the plaintiff's physical and mental impairments.").

Therefore, the Court finds that Plaintiff's allegation of error is this regard is also without merit.

**VI.     CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Judgment on the Pleadings [**Doc. 13**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 15**] will be **GRANTED**.  The decision of the Commissioner will be **AFFIRMED**.  The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

_____
United States Magistrate Judge